Eugene Kim, SBN: 221753
Email: eugene.kim@streamkim.com
**STREAM KIM HICKS WRAGE & ALFARO, PC**
3403 Tenth Street, Suite 700
Riverside, CA  92501
Telephone: (951) 783-9470
Facsimile: (951) 783-9475

*Attorneys for Applicants*
*Min-ji Kim, Phạm Ngọc Hân,*
*Ji-hye Mo, Hae-rin Kang, Hye-in Lee*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| *In re Ex Parte* Application of | CASE NO. 3:24-mc-80072 |
| Min-ji Kim, Phạm Ngọc Hân, Ji-hye Mo, Hae-rin Kang, Hye-in Lee, | *EX PARTE* **APPLICATION FOR AN ORDER PURSUANT TO 28. U.S.C. § 1782 AUTHORIZING DISCOVERY FOR USE IN FOREIGN PROCEEDINGS; AND MEMORANDUM OF POINTS AND AUTHORITIES** |
| Applicants. | |

### *EX PARTE* APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782

Min-ji Kim, Phạm Ngọc Hân, Ji-hye Mo, Hae-rin Kang, and Hye-in Lee (hereinafter "**Applicants**"), hereby move, pursuant to this *ex parte* application under Section 1782 of Title 28 of the United States Code, for an order authorizing limited discovery for use in foreign proceedings (hereinafter "**Application**"). The Applicants seek limited discovery from Google LLC (hereinafter "**Google**"). This Application is supported by the memorandum of points and authorities included herein and the Declarations of Donghoon Shin, and Mun Hui Kim, all of

1

*EX PARTE* APPLICATION FOR AN ORDER PURSUANT TO 28. U.S.C. § 1782

**STREAM|KIM**
ATTORNEYS AT LAW
3403 TENTH STREET,
STE 700
RIVERSIDE, CA  92501
951-783-9470

which were filed contemporaneously herewith. The proposed subpoena to be served on Google is attached to this Application as **Exhibit A**.

**MEMORANDUM OF POINTS AND AUTHORITIES**

I.   **INTRODUCTION AND FACTUAL BACKGROUND**

ADOR Co., Ltd. (hereinafter "**ADOR**") is a corporation established in November 2021 as an independent label under its parent company HYBE Co., Ltd. under the laws of the Republic of Korea. Its principal place of business is Seoul, Republic of Korea. Shin Decl. ¶ 2. ADOR is engaged in the entertainment business and manages and trains K-pop singers and talents. *Id*.

The Applicants are members of a Korean female group called NewJeans formed by ADOR in 2022. As NewJeans' record label and entertainment agency, ADOR is authorized to take steps to protect the reputation of its artists, including the Applicants. *Id*. ¶¶ 2-3.

YouTube is a video sharing service where users can watch and upload their own videos.[1] YouTube is operated by Google.[2] Google is a Delaware limited liability company with its principal office at 1600 Amphitheatre Parkway, Mountain View, California 94043. Kim Decl. ¶ 6. Internet users with a Google account and a YouTube channel can upload videos.[3] YouTube users log in to YouTube using their Google account.[4] Google accounts are linked to various services and accounts of Google, including Google Ads, Google AdSense, and YouTube.[5] YouTube users with a channel can monetize (i.e., make money) by joining the YouTube Partner Program and by creating and linking their Google AdSense account.[6]

---

[1]  See Fed. R. Evid. 201(b) (the information provided about Google and YouTube are generally known within the court's jurisdiction, and/or can be accurately and readily verified from the sources noted below whose accuracy cannot be reasonably questioned). *WebWise.ie, Explained: What is YouTube?*, https://www.webwise.ie/parents/what-is-youtube/ (last visited March 19, 2024).
[2]  YouTube, Terms of Service (January 5, 2022), https://www.youtube.com/static?template=terms ("The entity providing the Service is Google LLC").
[3]  Google LLC, Create a YouTube channel, YouTube Help, https://support.google.com/youtube/answer/1646861?hl=en (last visited March 19, 2024) ("Even if you have a Google Account, you need to create a YouTube channel to upload videos").
[4]  Google LLC, Create an account on YouTube, YouTube Help, https://support.google.com/youtube/answer/161805?hl=en&ref_topic=9267674 (last visited March 19, 2024) ("To sign in to YouTube, you'll need to create a Google Account.").
[5]  Google LLC, https://about.google/products/ (last visited March 19, 2024) (list of Google products).
[6]  Google LLC, YouTube Partner Program overview & eligibility, YouTube Help, https://support.google.com/youtube/answer/72851?hl=en&ref_topic=9153642 (last visited March 19, 2024).

2

*EX PARTE* APPLICATION FOR AN ORDER PURSUANT TO 28. U.S.C. § 1782

STREAM|KIM
ATTORNEYS AT LAW
3403 TENTH STREET,
STE 700
RIVERSIDE, CA 92501
951-783-9470

An anonymous individual (hereinafter "**Anonymous Individual**"), using the YouTube channel named *7th Grade in Middle School* ("중학교 7학년" in the original Korean language) (hereinafter "**YouTube Channel**") located at https://www.youtube.com/@Middle7, published various YouTube videos in which the Anonymous Individual made various false and defamatory statements concerning the members of NewJeans. The Anonymous Individual uploaded as many as 33 defamatory videos regarding NewJeans (hereinafter "**YouTube Videos**"). *Id.* ¶ 5, Ex. 1.

For example, in one of the YouTube Videos, the Anonymous Individual made a false statement as well as derogatory remarks based on nationality and race that Min-ji Kim of NewJeans is the "eldest daughter of a Vietnamese farmer" ("베트남 농부 첫째 딸" in the original Korean language). The Anonymous Individual further engaged in name-calling or other mocking behavior against the Applicants, all of which constitute defamation and/or crime of insult against the Applicants under the laws of the Republic of Korea. *Id.* ¶¶ 6-7; Kim Decl. ¶¶ 7-10. The YouTube Videos have been viewed more than 13,800,000 times as of March 13, 2024 and have been causing significant harm to the reputation and business of the Applicants. Shin Decl. ¶ 8. The YouTube Channel has approximately 12,700 subscribers and the Anonymous Individuals will likely continue to upload defamatory videos regarding the Applicants, which will continue to inflict significant reputational damage on the Applicants. *Id.* ¶ 8, Ex. 1.

On March 19, 2024, the Applicants filed a criminal complaint against the Anonymous Individual with the Seoul Yongsan Police Station (hereinafter "**Criminal Matter**") for publishing the YouTube Videos, claiming defamation and business interference under the laws of the Republic of Korea. Kim Decl. ¶ 7. However, the Applicants have been unable to identify the true identity of the Anonymous Individual, preventing the Applicants from fully prosecuting the criminal case. Shin Decl. ¶ 10.

The Applicants' complaint is that the Anonymous Individual has committed defamation pursuant to Article 70(2) of the Act on Promotion of Information and Communications Network Utilization and Information Protection and a crime of insult pursuant to Article 311 of the

STREAM|KIM
ATTORNEYS AT LAW
3403 TENTH STREET,
STE 700
RIVERSIDE, CA 92501
951-783-9470

3

*EX PARTE* APPLICATION FOR AN ORDER PURSUANT TO 28. U.S.C. § 1782

Korean Criminal Act. Kim Decl. ¶¶ 7-10.  However, to proceed with the Criminal Matter, the true identity of the Anonymous Individual is necessary. *Id.* ¶ 11.

Therefore, the Applicants respectfully request that this Court authorize them to conduct limited discovery by serving a subpoena upon Google, which is located in this district, to discover personal identifying information ("**PII**") that can be used to identify the true identity of the Anonymous Individual. *Id.* ¶ 12.

## II.   *EX PARTE* CONSIDERATION OF SECTION 1782 APPLICATION

Applications made under Section 1782 of Title 28 of the United States Code are typically considered on an *ex parte* basis, because "parties will be given adequate notice of any discovery taken pursuant to the request and will then have the opportunity to move to quash the discovery or to participate in it." *IPCom GmbH & Co, KG v. Apple, Inc.*, 61 F. Supp. 3d 919, 922 (N.D. Cal. 2014); *see also In re Letters Rogatory from Tokyo Dist., Tokyo, Japan*, 539 F.2d 1216, 1219 (9th Cir. 1976) (letters rogatory pursuant to Section 1782 "are customarily received and appropriate action taken with respect thereto ex parte").

Orders granting Section 1782 applications typically only provide that discovery is "authorized," and, thus, the opposing party may still raise objections and exercise its due process rights by challenging the discovery after it is issued via a motion to quash, which mitigates concerns regarding any unfairness of granting the application *ex parte. In re Ex Parte Application Varian Med. Sys. Int'l AG*, No. 16-mc-80048-MEJ, 2016 WL 1161568, at *2 (N.D. Cal. Mar. 24, 2016).

Indeed, this Court has previously found that an ex parte application "is an acceptable method for seeking discovery" pursuant to Section 1782. *In re AIS GmbH Aachen Innovative Solutions & Abiomed Eur. GmbH*, No. 5:16-mc-80094-EJD, 2017 WL 3115228, at *4 (N.D. Cal. Jul. 21, 2017) (quoting *In re Roebers*, No. c12-80145-MISC-RS(LB), 2012 WL 2862122, at *2 (N.D. Cal. Jul. 11, 2012).

4

*EX PARTE* APPLICATION FOR AN ORDER PURSUANT TO 28. U.S.C. § 1782

STREAM|KIM
ATTORNEYS AT LAW
3403 TENTH STREET, STE 700
RIVERSIDE, CA  92501
951-783-9470

Accordingly, it is proper for this Court to consider this Application on an *ex parte* basis because adequate notice will be given to interested parties in the course of serving discovery under Section 1782.

### III.   JURISDICTION AND VENUE

This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this Application is made under a federal statute 28 U.S.C. § 1782(a). Venue in this District is proper under 28 U.S.C. § 1391 and 28 U.S.C. § 1782(a) because the party from whom discovery is sought "resides or is found" in this District, as further discussed below.

### IV.   LEGAL STANDARD

Section 1782 permits district courts to authorize discovery where three *requirements* are satisfied: (1) the person from whom the discovery is sought "resides or is found" in the district of the district court where the application is made; (2) the discovery is "for use in a proceeding in a foreign or international tribunal;" and (3) the application is made by a foreign or international tribunal or "any interested person." *Khrapunov v. Prosyankin*, 931 F.3d 922, 925 (9th Cir. 2019); 28 U.S.C. § 1782(a). The Supreme Court in *Intel Corp. v. Advanced Micro Devices, Inc.* identified four *discretionary* factors to be considered by a court when exercising its discretion to authorize discovery pursuant to a Section 1782 application: (1) whether the person from whom discovery is sought is a participant in the foreign proceeding; (2) the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance; (3) whether the request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States; and (4) whether the request is unduly intrusive or burdensome. *In re Premises Located at 840 140th Ave. NE, Bellevue, Wash.*, 634 F.3d 557, 563 (9th Cir. 2011) (citing *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264-65 (2004)). The party seeking discovery need not establish that the information sought would be discoverable under the governing law in the foreign proceeding or that United States law would allow discovery in an analogous domestic proceeding. *See Intel*, 542 U.S. at 247, 261-63.

5

*EX PARTE* APPLICATION FOR AN ORDER PURSUANT TO 28. U.S.C. § 1782

STREAM|KIM
ATTORNEYS AT LAW
3403 TENTH STREET,
STE 700
RIVERSIDE, CA 92501
951-783-9470

"Section 1782 is a provision for assistance to tribunals abroad. It does not direct United States courts to engage in comparative analysis to determine whether analogous proceedings exist" in the United States. *Id*. at 244. A district court may order the production of documents or testimony for use in a foreign legal proceeding under Section 1782 as long as the disclosure would not violate a legally applicable privilege. *Id*. at 249. "A district court's discretion is guided by the twin aims of Section 1782: providing efficient assistance to participants in international litigation, and encouraging foreign countries by example to provide similar assistance to U.S. courts." *In re Ex Parte Application of Med. Inc. Ass'n Smile Create*, No. 19-mc-80230-VKD, 2019 WL 4933582, at *2 (N.D. Cal. Oct. 7, 2019) (citing *Schmitz v. Bernstein Liebhard & Lifshitz LLP*, 376 F.3d 79, 84 (2d Cir. 2004)).

### V.     ARGUMENT

**A.  The Applicants Satisfy All of the Requirements of Section 1782.**

The Applicants satisfy all three requirements of Section 1782. The first requirement is satisfied because Google "resides or is found" in this district in that the principal office of Google is located in Mountain View, California, which is in this district. Kim Decl. ¶ 6, Ex. 1. To satisfy the second requirement, a formal proceeding in the foreign jurisdiction need not be currently pending, or even imminent. *Intel*, 542 U.S. at 259. Instead, all that is required by Section 1782 is that a "future proceeding is 'within reasonable contemplation.'" *Id*. (holding that discovery was proper under Section 1782 even though the Applicants' complaint was still only in the investigative stage). The second requirement is satisfied because the discovery sought in order to proceed with the Criminal Matter. Kim Decl. ¶ 7. The third requirement is satisfied because the Applicants are interested persons in the Criminal Matter. Kim Decl. ¶ 7; see *Intel*, 542 U.S. at 256 (litigants may be the most common example of interested persons). Therefore, the Applicants satisfy all of the requirements of Section 1782 and this Court can authorize discovery from Google.

**B.  The Supreme Court's *Intel* Factors Strongly Favor Granting the Application.**

6

*EX PARTE* APPLICATION FOR AN ORDER PURSUANT TO 28. U.S.C. § 1782

STREAM|KIM
ATTORNEYS AT LAW
3403 TENTH STREET,
STE 700
RIVERSIDE, CA 92501
951-783-9470

The discretionary factors identified by the Supreme Court in *Intel* weigh heavily in favor of the Court granting the Applicants' request for discovery.

The first *Intel* factor is "whether the person from whom discovery is sought is a participant in the foreign proceeding." *Intel*, 542 U.S. at 264. Under this factor, "the key issue is whether the material is obtainable through the foreign proceeding." *In re Ex Parte Application Varian Med. Sys. Int'l AG*, No. 16-mc-80048-MEJ, 2016 WL 1161568, at *3 (N.D. Cal. Mar. 24, 2016). This is so, because "nonparticipants in the foreign proceeding may be outside the foreign tribunal's jurisdictional reach, hence, their evidence, available in the United States, may be unobtainable absent § 1782(a) aid." *Intel*, 542 U.S. at 264. Google will not be named in the Criminal Matter, and, therefore, Google will be a nonparticipant. Kim Decl. ¶ 15. Furthermore, Google is located in this district. *Id*. ¶ 6, Ex. 1. For the foregoing reasons, Google is outside the Republic of Korea's jurisdictional reach, and hence, evidence available in the United States from Google is unobtainable by the Applicants absent Section 1782(a). Id. ¶ 14, Ex. 2; see Intel, 542 U.S. at 264. Therefore, this first factor weighs in favor of authorizing discovery.

The second *Intel* factor requires the Court to consider "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance." *Intel*, 542 U.S. at 264. "This factor focuses on whether the foreign tribunal is willing to consider the information sought." *In re Ex Parte Application Varian Med. Sys. Int'l AG*, 2016 WL 1161568, at *4. Under this factor, "courts look for authoritative proof that a foreign tribunal would reject evidence obtained with the aid of § 1782." *In re Application of Joint Stock Co. Raiffeinsenbank*, No. 16-mc-80203-MEJ, 2016 WL 6474224, at *5 (N.D. Cal. Nov. 2, 2016). In the absence of authoritative proof that a foreign tribunal would reject evidence obtained with the aid of Section 1782, courts tend to err on the side of permitting discovery. *See Palantir Techs., Inc. v. Abramowitz*, 415 F. Supp. 3d 907, 915 (N.D. Cal. 2019) (citation omitted). In the absence of evidence that a foreign court would object to the discovery of the information sought in the subpoena, or that a foreign court objects more generally to the judicial assistance of U.S. federal

7

STREAM|KIM
ATTORNEYS AT LAW
3403 TENTH STREET,
STE 700
RIVERSIDE, CA 92501
951-783-9470

*EX PARTE* APPLICATION FOR AN ORDER PURSUANT TO 28. U.S.C. § 1782

courts, this factor weighs in favor of authorizing discovery. *See*, *e.g.*, *In re Med. Corp. H&S*, No. 19-mc-80058-VKD, 2019 WL 1230440, at *3 (N.D. Cal. Mar. 15, 2019) (In the absence of evidence that Japanese courts would object to the judicial assistance of U.S. federal courts, this factor weighs in favor of authorizing discovery).

There are no known restrictions imposed by, or any policies under, the law of the Republic of Korea limiting U.S. federal court judicial assistance, and courts in the Republic of Korea are receptive to assistance in discovery by United States federal courts, including for discovery of PII of individuals posting anonymously online. Kim Decl. ¶ 16. In fact, courts of the Republic of Korea have sought judicial assistance from federal courts in this district and courts in this district have in the past granted Section 1782 discovery for use in proceedings in the Republic of Korea. *See*, *e.g.*, *In re Request for Judicial Assistance from Seoul Central District Court in Seoul, Republic of South Korea*, Case No. 23-mc-800016-BLF, 2023 WL 2394545 (N.D. Cal. Mar. 7, 2023). Because there is evidence showing that courts in the Republic of Korea are receptive to United States federal court judicial assistance, and because there is nothing to show that courts in the Republic of Korea would object to discovery of the information sought by this Application, this factor weighs in favor of authorizing discovery.

The third *Intel* factor is whether the request "conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States." *Intel*, 542 U.S. at 264-65. Courts have found that this factor weighs in favor of discovery where there is "nothing to suggest that [the applicant] is attempting to circumvent foreign proof gathering restrictions." *In re Google Inc.*, No. 14-mc-80333-DMR, 2014 WL 7146994, at *3 (N.D. Cal. Dec. 15, 2014); *see also In re Eurasian Natural Resources Corp.*, No. 18-mc-80041-LB, 2018 WL 1557167, at *3 (N.D. Cal. Mar. 30, 2018) (third *Intel* factor weighs in favor of discovery where there is "no evidence" of an attempt to circumvent foreign proof gathering restrictions or policies). The Applicants are not attempting to circumvent any foreign proof-gathering restrictions or other policies of the Republic of Korea or the United States. Kim Decl. ¶ 18.

STREAM|KIM
ATTORNEYS AT LAW
3403 TENTH STREET,
STE 700
RIVERSIDE, CA 92501
951-783-9470

8

*EX PARTE* APPLICATION FOR AN ORDER PURSUANT TO 28. U.S.C. § 1782

Because there is nothing to suggest that the Applicants are attempting to circumvent foreign proof gathering restrictions or policies, this factor weighs in favor of authorizing discovery.

The fourth and final *Intel* factor is whether the discovery requested is "unduly intrusive or burdensome." *Intel*, 542 U.S. at 265. Requests are unduly intrusive and burdensome where they are not narrowly tailored, request confidential information, and appear to be a broad "fishing expedition" for irrelevant information. *In re Ex Parte Application of Qualcomm Inc.*, 162 F. Supp. 3d 1029, 1043 (N.D. Cal. 2016). The discovery sought by the Applicants are narrowly tailored to seek only sufficient information to identify the Anonymous Individual, and is not unduly intrusive or burdensome, because the Applicants are seeking discovery of only PII such as names, addresses, telephone numbers, and e-mail addresses, or information that will lead to the discovery of PII such as access log (the IP address, port number, and timestamp) for very limited periods of time, which information is stored by Google in the ordinary course of its businesses. Ex. A; Kim Decl. ¶ 28; *see In re Frontier Co., Ltd.*, Case No. 19-mc-80184-LB, 2019 WL 3345348, at *5 (N.D. Cal. July 25, 2019) (granting a Section 1782 request to issue a subpoena for the name, address, email address, telephone number, and name and address on credit cards); *In re Med. Corp. Seishinkai*, 2021 WL 3514072, at *4-5 (authorizing similar discovery sought in this Application); *In re Ex Parte Application of Starship Entertainment Co., Ltd.,* Case No. 23-mc-80147-BLF (N.D. Cal. May. 24, 2023) (authorizing similar discovery sought in this Application).

The discovery of the access log, the IP address, and the corresponding port number and date and time that the IP address was used (commonly known as a timestamp) is reasonable and necessary because IP addresses and port numbers are assigned by an internet service provider (hereinafter "**ISP**") at the time that a user accesses the internet, and because of this, different people may be using the same IP address at different points-in-time. Kim Decl. ¶ 20. Therefore, without the IP address and the corresponding port number and timestamp, a court in the Republic of Korea will be unable to order the ISP to disclose the PII of the accused and the ISP will be unable to pin-point the accused that was using the IP address, because it will be unclear which of

9

**STREAM|KIM**
ATTORNEYS AT LAW
3403 TENTH STREET,
STE 700
RIVERSIDE, CA  92501
951-783-9470

*EX PARTE* APPLICATION FOR AN ORDER PURSUANT TO 28. U.S.C. § 1782

the users that have used the subject IP address used the IP address at a specific point-in-time. *Id.* ¶¶ 21-23. In order for a court of the Republic of Korea to order the ISP to disclose PII sufficient to identify the Anonymous Individual, and for the ISP to pinpoint the relevant person using an IP address at a certain time, the IP address, port number, and the timestamp are necessary. *Id.* ¶¶ 21-29. Additionally, the subpoena does not seek the "contents" of any communications associated with the Anonymous Individual or the accounts that the Anonymous Individual uses in compliance with the Stored Communications Act. 18 U.S.C. § 2701 et seq.; *see, e.g., Optiver Australia Pty. Ltd. & Anor. v. Tibra Trading Pty. Ltd. & Ors.*, No. C 12-80242, 2013 WL 256771 (N.D. Cal. Jan. 23, 2013) (discussing prohibitions under the Stored Communications Act).

Based upon the foregoing, the request by the Applicants are narrowly tailored, is seeking only relevant and necessary information, and is not unduly intrusive or burdensome, and, therefore, this fourth factor also weighs in favor of authorizing discovery.

## VI.     CONCLUSION

The Applicants respectfully request that this Court exercise its discretion to authorize discovery from Google so that the Applicants can conduct limited discovery to identify the Anonymous Individual in order to proceed with the Applicants' Criminal Matter in the Republic of Korea.

As stated above, the Applicants meet all of the requirements of Section 1782 and all of the discretionary *Intel* factors weigh in favor of authorizing discovery. Moreover, the twin aims of Section 1782 to provide efficient assistance to foreign litigants and to encourage foreign countries by example to provide similar assistance to United States courts further support this *ex parte* request.

STREAM|KIM
ATTORNEYS AT LAW
3403 TENTH STREET, STE 700
RIVERSIDE, CA 92501
951-783-9470

10

*EX PARTE* APPLICATION FOR AN ORDER PURSUANT TO 28. U.S.C. § 1782

Dated: March 27, 2024        STREAM KIM HICKS WRAGE & ALFARO, PC.

/s/ 
_____
Eugene Kim

*Attorneys for Applicants*
*Min-ji Kim, et al.*

11

*EX PARTE* APPLICATION FOR AN ORDER PURSUANT TO 28. U.S.C. § 1782

STREAM|KIM
ATTORNEYS AT LAW
3403 TENTH STREET, STE 700
RIVERSIDE, CA 92501
951-783-9470

# CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record, certifies that this brief contains 3,344 words, which complies with the word limit of L.R. 11-6.1.

Dated:  March 27, 2024       STREAM KIM HICKS WRAGE & ALFARO, PC.

/s/ *[signature]*
Eugene Kim
*Attorneys for Min-ji Kim, et al.*

STREAM|KIM
ATTORNEYS AT LAW
3403 TENTH STREET,
STE 700
RIVERSIDE, CA  92501
951-783-9470

CERTIFICATE OF COMPLIANCE

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of California

| In re Ex Parte Application of Min-ji Kim, et al. | ) | |
|---|---|---|
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. |
| | ) | |
| | ) | |
| *Defendant* | ) | |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To:   Google LLC

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment 1

| Place: By email to: eugene.kim@streamkim.com; or at: Stream Kim Hicks Wrage & Alfaro, PC, c/o Eugene Kim, 3403 Tenth Street, Suite 700, Riverside, CA 92501 | Date and Time: |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

         *CLERK OF COURT*
                                                    OR

_____          _____
*Signature of Clerk or Deputy Clerk*                              *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Min-ji Kim, Phạm Ngọc Hân, Ji-hye Mo, Hae-rin Kang, and Hye-in Lee, who issues or requests this subpoena, are:
Eugene Kim, 2403 Tenth Street, Suite 700, Riverside, CA 92501; eugene.kim@streamkim.com; (951) 783-9470

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# Attachment 1

To: Google LLC

The Applicants **Min-ji Kim, Phạm Ngọc Hân, Ji-hye Mo, Hae-rin Kang, and Hye-in Lee** hereby requests that **Google LLC** ("you") produce to their attorneys, Stream Kim Hicks Wrage & Alfaro, PC, c/o Eugene Kim, Esq., any and all of the DOCUMENTS described under the heading "II. REQUEST FOR PRODUCTION."

## I.  DEFINITIONS

1.   The word "DOCUMENT" or "DOCUMENTS" means "documents," "electronically stored information," or "tangible things," as those terms are used in Rules 34(a)(1) and 45 of the Federal Rules of Civil Procedure and otherwise defined in Rule 1001 of the Federal Rules of Evidence. Where a DOCUMENT has been prepared in several copies, or where additional copies have been made that are not identical or are no longer identical by reason of subsequent notation, highlighting or other modification of any kind whatsoever including, but not limited to, notations on the back of pages thereto, each nonidentical copy shall be considered a separate DOCUMENT. A DOCUMENT that is "electronically stored information" shall be produced in portable document format (commonly known as "PDF") with Bates numbering and appropriate confidentiality designations, along with searchable metadata databases.

2.   The word "ALL ACCOUNTS" mean the Google account(s) and YouTube account(s) that are used to sign in to or that are registered to, linked to, or otherwise associated to the YouTube channel named 7th *Grade in Middle School* ("중학교 7학년" in the original Korean language) that is located at: https://www.youtube.com/@Middle7.

3.   "ALL" means "each, any and all."

## II.  REQUEST FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1.** DOCUMENTS sufficient to show the following information ever registered with ALL ACCOUNTS:
   (i)      names;
   (ii)     physical, billing, shipping, or ALL other addresses;
   (iii)    recovery, authentication, or ALL other e-mail addresses;
   (iv)    recovery, authentication, or ALL other telephone numbers;
   (v)     ALL names and addresses of ALL credit cards registered to ALL ACCOUNTS (but not the credit card number, expiration date, or card validation code); and,
   (vi)    ALL names, addresses, e-mail addresses, telephone numbers, and names of the payment methods (such as PayPal), for ALL non-credit card payment methods registered to ALL ACCOUNTS.

**REQUEST FOR PRODUCTION NO. 2.** DOCUMENTS sufficient to show the following information for the three-month period immediately preceding March 27, 2024 and until the

1

**Exhibit A**

date that you respond to this request: ALL access log (dates, times, IP addresses, port numbers, and destination IP addresses) of ALL ACCOUNTS.

**REQUEST FOR PRODUCTION NO. 3.** DOCUMENTS sufficient to show the following information ever registered with ALL Google Ads accounts, ALL Google AdSense accounts, or ALL other accounts that are controlled by you that ALL ACCOUNTS have ever been used to login with as well as ALL Google Ads accounts, ALL Google AdSense accounts, or ALL other accounts that are registered to, linked to, or otherwise associated to ALL ACCOUNTS (collectively, the "**OTHER ACCOUNTS**"):

(i) names;
(ii) physical, billing, shipping, or any other addresses;
(iii) recovery, authentication, or any other e-mail addresses;
(iv) recovery, authentication, or any other telephone numbers;
(v) ALL names and addresses of ALL credit cards registered to the OTHER ACCOUNTS (but not the credit card number, expiration date, or card validation code);
(vi) ALL names, addresses, e-mail addresses, telephone numbers, and names of the payment methods (such as PayPal), for ALL non-credit card payment methods registered to the OTHER ACCOUNTS; and,
(vii) the type of the OTHER ACCOUNTS (such as a Google Ads account).

**REQUEST FOR PRODUCTION NO. 4.** DOCUMENTS sufficient to show the following information for the three-month period immediately preceding March 27, 2024 and until the date that you respond to this request: ALL access log (dates, times, IP addresses, port numbers, and destination IP addresses) of the OTHER ACCOUNTS.