Eugene Kim, SBN: 221753
Email: eugene.kim@streamkim.com
**STREAM KIM HICKS WRAGE & ALFARO, PC**
3403 Tenth Street, Suite 700
Riverside, CA 92501
Telephone: (951) 783-9470
Facsimile: (951) 783-9475

*Attorneys for Applicants*
*Min-ji Kim, Phạm Ngọc Hân,*
*Ji-hye Mo, Hae-rin Kang, Hye-in Lee*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| *In re Ex Parte* Application of | ) CASE NO. 5:24-mc-80072-PCP |
| | ) |
| Min-ji Kim, Phạm Ngọc Hân, Ji-hye Mo, Hae-rin Kang, Hye-in Lee, | ) **AMENDED *EX PARTE*** |
| | ) **APPLICATION FOR AN ORDER** |
| | ) **PURSUANT TO 28 U.S.C. § 1782** |
| Applicants. | ) **AUTHORIZING DISCOVERY FOR** |
| | ) **USE IN A FOREIGN** |
| | ) **PROCEEDING; AND** |
| | ) **MEMORANDUM OF POINTS AND** |
| | ) **AUTHORITIES** |
| | ) |

**AMENDED *EX PARTE* APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782**

      Pursuant to 28 U.S.C. Section 1782, Applicants Min-ji Kim, Phạm Ngọc Hân, Ji-hye Mo, Hae-rin Kang, and Hye-in Lee ("**Applicants**") hereby move *ex parte* for an order authorizing limited discovery for use in a criminal matter in the Republic of Korea ("**Application**"). As further stated in the proposed subpoena, the Applicants seek limited discovery from Google LLC ("**Google**"), which is an entity located in this judicial district.

**STREAM|KIM**
ATTORNEYS AT LAW
3403 TENTH STREET,
STE 700
RIVERSIDE, CA 92501
951-783-9470

US district courts, including this judicial district, have commonly decided Section 1782 applications on an *ex parte* basis because "parties will be given adequate notice of any discovery taken pursuant to the request and will then have the opportunity to move to quash the discovery or to participate in it." *IPCom GmbH & Co, KG v. Apple, Inc.,* 61 F.Supp.3d 919, 922 (N.D. Cal. 2014) (citation omitted); *see also In re Letters Rogatory from Tokyo District, Tokyo, Japan*, 539 F.2d 1216, 1219 (9th Cir. 1976) (In discussing Section 1782, the court noted that "Letters Rogatory are customarily received and appropriate action taken with respect thereto ex parte"); Frischknecht and Lindsey, *Evidence gathering in aid of foreign proceedings in the US and England,* International Bar Association*,* August 4, 2021 at https://www.ibanet.org/evidence-gathered-foreign-proceedings-US-England (last visited March 10, 2024). For the reasons set forth herein, the Applicants respectfully request this Court decide this Section 1782 application on an *ex parte* basis.

This Section 1782 request is supported by the accompanying memorandum of points and authorities, and the Declaration of Mun Hui Kim, all of which are filed concurrently herewith. The Application is also supported by the Declaration of Donghoon Shin that was filed on March 27, 2024. *See* ECF No. 1-2.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

The Applicants are members of a female K-POP group, who have come under attack by an anonymous individual ("**YouTuber**") posting false and defamatory videos on YouTube. To stop this anonymous YouTuber, the Applicants have brought a criminal complaint with the law enforcement authorities in the Republic of Korea ("**Korea**"). Unfortunately, without the YouTuber's personally identifiable information ("**PII**") the criminal case cannot be fully prosecuted.

On or about March 20, 2024, the Applicants' counsel was unsuccessful in his attempt to informally request information from Google, the company that operates YouTube. As a result, the Applicants now need the assistance of this Court.

**STREAM|KIM**
ATTORNEYS AT LAW
3403 TENTH STREET,
STE 700
RIVERSIDE, CA  92501
951-783-9470

AMENDED *EX PARTE* APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782

As set forth below, the Applicants satisfy all the statutory requirements under Section 1782, and the discretionary factors weigh in favor of the Court exercising its discretion to grant this Application. Moreover, this Application does not prevent Google from objecting or moving to quash the targeted requests made in the proposed subpoena. *See* **Exhibit A**.

## II.  FACTUAL BACKGROUND

### A.  Criminal Matter in the Republic of Korea

ADOR Co., Ltd. ("**ADOR**") is a record label and entertainment agency that, among other things, trains and manages K-POP performers from its principal place of business in Seoul, Korea. Shin Decl. ¶ 2. In November 2021, ADOR was established as an independent label from its parent company HYBE Co., Ltd. under the laws of Korea. In 2022, ADOR formed a Korean female K-POP group called NewJeans, which consists of the Applicants as its members. ADOR, as NewJeans' record label and entertainment agency, is authorized to take steps to protect the reputation of its artists, including the Applicants. *Id.* ¶¶ 2-3.

The YouTuber, using the YouTube channel named 7th Grade in Middle School ("중학교 7 학년" in the original Korean language) ("**Channel**") located at https://www.youtube.com/@Middle7, made false and defamatory statements about the members of NewJeans in as many as 33 defamatory videos that were uploaded on YouTube ("**Videos**"). *Id*. ¶ 5, Ex. 1. In one video, the YouTuber made a false statement as well as derogatory remarks based on nationality and race by claiming Min-ji Kim of NewJeans is the "eldest daughter of a Vietnamese farmer" ("베트남 농부 첫째 딸" in the original Korean language).

The YouTuber has engaged in name-calling or other mocking behavior against the Applicants, all of which constitute defamation and/or crime of insult under the laws of the Republic of Korea. *Id.* ¶¶ 6-7; Kim Decl. ¶¶ 5-9. As of March 13, 2024, the Videos were viewed more than 13,800,000 times. Shin Decl. ¶ 8. The YouTuber, who has approximately 12,700 subscribers, will likely continue to upload defamatory videos, which will continue to inflict significant reputational damage on the Applicants. *Id.* ¶ 8, Ex. 1.

AMENDED *EX PARTE* APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782

**STREAM|KIM**
ATTORNEYS AT LAW
3403 TENTH STREET,
STE 700
RIVERSIDE, CA 92501
951-783-9470

On March 19, 2024, the Applicants filed a criminal complaint with the Seoul Yongsan Police Station claiming defamation and insult against the YouTuber under Korean law ("**Criminal Matter**"). Kim Decl. ¶ 6. Specifically, the Applicants assert that the YouTuber committed defamation pursuant to Article 70(2) of the Act on Promotion of Information and Communications Network Utilization and Information Protection, and a crime of insult pursuant to Article 311 of the Korean Criminal Act. Kim Decl. ¶¶ 8-9.

### B.  Limited Discovery Sought From Google LLC

Google is an American multinational company with its principal place of business located at 1600 Amphitheatre Parkway, Mountain View, California 94043. Kim Decl. ¶ 12, Ex. 1. Google owns and operates YouTube, a free video sharing and social media platform where users upload and watch videos and share comments on message boards.[1] To upload videos on YouTube, users need a Google account to create and log into YouTube.[2]  In addition, Google accounts provide access to a number of services, like Google AdSense, which links to the YouTube Partner Program so users can make money on their YouTube Channels.[3]

Without the true identity of the YouTuber, the Applicants will be unable to fully prosecute the Criminal Matter. Shin Decl. ¶ 10; Kim Decl. ¶ 10. The subpoena is narrowly tailored to seek documents from Google that will reveal the YouTuber's identity through his/her/its PII in the subject Google accounts. Kim Decl. ¶ 19.

---

[1]  *See* Fed. R. Evid. 201(b) (the information provided about Google and YouTube are generally known within the court's jurisdiction, or can be accurately and readily verified from the sources noted below whose accuracy cannot be reasonably questioned). *WebWise.ie, Explained: What is YouTube?*, https://www.webwise.ie/parents/what-is-youtube/ (last visited March 27, 2024); YouTube, Terms of Service (January 5, 2022), https://www.youtube.com/static?template=terms.

[2]  Google LLC, YouTube Help, Create a YouTube channel, https://support.google.com/youtube/answer/1646861?hl=en (last visited March 27, 2024).

[3]  Google LLC, https://about.google/products/ (last visited March 27, 2024) (list of Google products); Google LLC, YouTube Help, YouTube Partner Program overview & eligibility, https://support.google.com/youtube/answer/72851?hl=en&ref_topic=9153642 (last visited March 27, 2024).

STREAM|KIM
ATTORNEYS AT LAW
3403 TENTH STREET,
STE 700
RIVERSIDE, CA 92501
951-783-9470

AMENDED *EX PARTE* APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782

### III.    JURISDICTION AND VENUE

This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this Application is made under a federal statute 28 U.S.C. § 1782(a). Venue in this District is proper under 28 U.S.C. § 1391 and 28 U.S.C. § 1782(a) because the party from whom discovery is sought "resides or is found" in this District, as further discussed below.

### IV.    LEGAL STANDARD

This Court is authorized to grant a Section 1782 application "where three general requirements are satisfied: (1) the person from whom the discovery is sought 'resides or is found' in the district of the district court where the application is made; (2) the discovery is 'for use in a proceeding in a foreign or international tribunal'; and (3) the application is made by a foreign or international tribunal or 'any interested person.'" *Khrapunov v. Prosyankin*, 931 F.3d 922, 925 (9th Cir. 2019); 28 U.S.C. § 1782(a).

In *Intel Corp. v. Advanced Micro Devices, Inc.*, the Supreme Court identified four factors that district courts should consider when exercising their discretion to grant Section 1782 discovery applications:

> [1] "whether the person from whom discovery is sought is a participant in the foreign proceeding"; [2] "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance"; [3] whether the request "conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States"; and [4] whether the request is "unduly intrusive or burdensome."

*In re Premises Located at 840 140th Ave. NE, Bellevue, Wash.*, 634 F.3d 557, 563 (9th Cir. 2011) (quoting *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264-65 (2004)).

In exercising this discretion, district courts consider the twin aims of the statute: "providing efficient assistance to participants in international litigation, and encouraging foreign countries by example to provide similar assistance to U.S. courts." *Intel*, 542 U.S. at 252.

### V.    ARGUMENT

**A. This Application Meets All of the Statutory Requirements of Section 1782**

As set forth herein, this Application meets the requirements of Section 1782.

STREAM|KIM
ATTORNEYS AT LAW
3403 TENTH STREET,
STE 700
RIVERSIDE, CA 92501
951-783-9470

First, Google "resides" or "is found" within the meaning of Section 1782, because its principal place of business is Mountain View, California, which is located in this judicial district. Kim Decl. ¶ 12, Ex. 1.

Second, the Applicants seek discovery to aid in the prosecution of the Criminal Matter in Korea. Kim Decl. ¶ 10. A proceeding in the foreign jurisdiction need only be "within reasonable contemplation", rather than be "pending" or "imminent", to satisfy this second statutory requirement. *Intel*, 542 U.S. at 259. Here, the Applicants have brought a complaint with the law enforcement authorities in Korea. Kim Decl. ¶ 6.

Third, the Applicants brought the Criminal Matter because it relates to crimes committed against them by the YouTuber. Kim Decl. ¶¶ 6-9. Thus, the Applicants satisfy the third statutory requirement for being "interested person[s]". *Intel*, 542 U.S. at 256-57 ("No doubt litigants are included among, and may be the most common example of, the 'interested person[s]' who may invoke [Section] 1782").

**B. Each of the *Intel* Discretionary Factors Weigh in Favor of Granting this Application**

The discretionary factors identified by the Supreme Court in *Intel* weigh heavily in favor of this Court granting this Application.

**1. Google is a nonparticipant in the Korean Criminal Matter**

The first factor is whether "the person from whom discovery is sought is a participant in the foreign proceeding." *Intel*, 542 U.S. at 264. The Supreme Court recognized that the district courts' assistance is needed the most when the evidence is sought from a non-participant in a foreign proceeding. *Id*. "[N]onparticipants in the foreign proceeding may be outside the foreign tribunal's jurisdictional reach; hence, their evidence, available in the United States, may be unobtainable absent § 1782(a) aid." *Id*.

Google is not named in the Korean Criminal Matter. Kim Decl. ¶ 12. Since Google and the requested documents are located in this District, which is outside the Korean courts jurisdictional reach over nonparticipants, evidence available from Google through a United States federal court proceeding is unobtainable by the Applicants in Korea absent Section

AMENDED *EX PARTE* APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782

**STREAM|KIM**
ATTORNEYS AT LAW
3403 TENTH STREET,
STE 700
RIVERSIDE, CA 92501
951-783-9470

1782(a). *Id*. ¶ 12; Exs. 1, 2; *see Intel*, 542 U.S. at 264. Accordingly, this first factor weighs heavily in favor of granting this Application.

### 2. Korean Tribunals are receptive to U.S. judicial assistance

Next, the Supreme Court requires this Court to consider "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance." *Intel*, 542 U.S. at 264. "This factor focuses on whether the foreign tribunal is willing to consider the information sought." *In re Ex Parte Application of Varian Med. Sys. Int'l AG*, 2016 WL 1161568, at *4 (N.D. Cal. March 24, 2016). There is a long history of Korean tribunals requesting and receiving U.S. judicial assistance under Section 1782. *See In re Request for Judicial Assistance from Seoul Dist. Criminal Court, Seoul, Korea*, 428 F.Supp. 109, 114 (N.D. Cal. 1977) (granted Seoul District Criminal Court's request for bank records); *In re Request for Int'l Judicial Assistance from the Nat'l Court Admin. of the Republic of Korea*, No. C15-80069 MISC LB, 2015 WL 1064790, at *1-2 (N.D. Cal. Mar. 11, 2015) (granted Korean National Court Administration's request for information and documents from Google, Inc.); *In re Request for Judicial Assistance from Seoul Central District Court in Seoul, Republic of South Korea*, Case No. 23-mc-800016-BLF, 2023 WL 2394545, *1 (N.D. Cal. Mar. 7, 2023) (granted Seoul Central District Court's request seeking information to identify four anonymous Instagram users who defamed or insulted a plaintiff in a Korean civil proceeding).

Additionally, in "the absence of authoritative proof that a foreign tribunal would reject evidence obtained with the aid of Section 1782", courts tend to "err on the side of permitting discovery." *See In re Ex Parte Application of Varian Med. Sys. Int'l AG*, 2016 WL 1161568, at *4; *see also Palantir Techs., Inc. v. Abramowitz*, 415 F.Supp.3d 907, 915 (N.D. Cal. 2019) (citation omitted). In other words, discovery is favored unless there is clear evidence that the foreign tribunal would reject the evidence sought.

Here, there are no known restrictions imposed by, or any policies under, Korean law that would limit U.S. federal court judicial assistance, and Korean courts are receptive to assistance

AMENDED *EX PARTE* APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782

STREAM|KIM
ATTORNEYS AT LAW
3403 TENTH STREET,
STE 700
RIVERSIDE, CA 92501
951-783-9470

in discovery by United States federal courts, including for discovery of PII of individuals posting anonymously online. Kim Decl. ¶¶ 13-15. As stated above, Korean courts have a history of seeking judicial assistance from federal courts and courts in this district have in the past granted Section 1782 discovery for use in Korean court proceedings. For the foregoing reasons, this second factor weighs heavily in favor of granting this Application.

### 3. The Applicants are not seeking to circumvent any Korean court procedures

The third factor directs the court to consider "whether the [Section] 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States." *Intel*, 542 U.S. at 265. As a court in this district recently stated, "[t]his factor will weigh in favor of discovery if there is 'nothing to suggest that [the applicant] is attempting to circumvent foreign proof gathering restrictions.'" *In re Starship Entertainment Co., Ltd.*, Case No. 23-mc-80147-BLF (N.D. Cal. May. 24, 2023) (quoting *In re Application of Google Inc.*, No. 14-mc-80333-DMR, 2014 WL 7146994, at *3 (N.D. Cal. Dec. 15, 2014)).

The Applicants are not attempting to circumvent any "foreign proof-gathering restrictions" or "other policies" of Korea or the United States. Kim Decl. ¶ 15. In fact, the opposite is true. The Applicants' Korean counsel anticipates that evidence will be admissible in the Korean proceeding. *Id*. Absent any evidence to contradict this Application,[4] this third factor also weighs in favor of granting this Application.

### 4. This Application is not unduly intrusive or burdensome

The last factor is whether the discovery requested is "unduly intrusive or burdensome." *Intel*, 542 U.S. at 265. The Supreme Court noted that requests that are too burdensome *in part* may be "trimmed" so that the requests can be partially authorized. *Id.*

While requests that seek confidential information or are broad "fishing expedition" for irrelevant information may be unduly intrusive or burdensome, *In re Ex Parte Application of*

---

[4] *See* Section V.B.2 above regarding past cases where district courts granted Korean tribunals' request for discovery.

8

**STREAM|KIM**
ATTORNEYS AT LAW
3403 TENTH STREET,
STE 700
RIVERSIDE, CA 92501
951-783-9470

AMENDED *EX PARTE* APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782

*Qualcomm Inc.*, 162 F.Supp.3d 1029, 1043 (N.D. Cal. 2016), the Applicants requests are narrow in scope and number. The Applicants proposed subpoena consists of three document requests that seek information to identify the YouTuber, such as such as names, addresses, telephone numbers, and e-mail addresses, or information that will lead to the discovery of PII, which is or should be stored by Google in the regular course of business. *See* Ex. A; Kim Decl. ¶¶ 16-17; *see In re Ex Parte Application of Frontier Co., Ltd.*, Case No. 19-mc-80184-LB, 2019 WL 3345348, at *5 (N.D. Cal. July 25, 2019) (name, address, email, phone number, and name on credit cards, etc.); *In re Med. Corp. Seishinkai*, Case No. 21-mc-80160-SVK, 2021 WL 3514072, at *4-5 (N.D. Cal. Aug. 10, 2021) (granting discovery from Google under Section 1782). Additionally, for reasons set forth in the declaration of MH Kim, the proposed subpoena does not seek any communications associated with the YouTuber. 18 U.S.C. § 2701 et seq.; *see, e.g., Optiver Australia Pty. Ltd. v. Tibra Trading Pty. Ltd.*, No. C 12-80242 EJD (PSG), 2013 WL 256771 (N.D. Cal. Jan. 23, 2013) (discussing prohibitions under the Stored Communications Act).

As noted in Section II.A above, the YouTuber is not using his/her/its real name for the Channel. Since there is a high probability that this person is not providing a true name and address to Google, an access log may be the only way to clearly identify the YouTuber. Kim Decl. ¶ 17. Without such information, it is possible the names and addresses Google has on file in connection with the YouTuber are fictitious or otherwise not helpful for the Applicants in the Korean Criminal Matter. If that were to occur, the access log is the only information available to assist the Applicants. *See, e.g., In re Ex Parte Application of Medical Corporation H&S*, Case No. 19-mc-80058-VKD, 2019 WL 3945003, at *1 (N.D. Cal. Aug. 21, 2019) (granting "no more than six months of access log information" from Google); *Med. Corp. H&S v. Unknown Defendant*, Case No. 19-mc-80107-SVK (N.D. Cal. May. 30, 2019) (authorizing service of a subpoena on Google).

Accordingly, this last factor weighs in favor of the Applicants because their requests for documents are narrow, are not intrusive or burdensome, and Google has a right to object, seek a

9

STREAM|KIM
ATTORNEYS AT LAW
3403 TENTH STREET,
STE 700
RIVERSIDE, CA 92501
951-783-9470

protective order or otherwise seek to narrow the requests.[5]

## VI.    CONCLUSION

For the reasons stated above, the Applicants respectfully request this Court exercise its discretion under Section 1782 to grant this Application and permit them to issue the proposed subpoena to Google.


Dated: April 3, 2024                    STREAM KIM HICKS WRAGE & ALFARO, PC.



_____
Eugene Kim

*Attorneys for Applicants*
*Min-ji Kim, et al.*

---

[5] Google at https://transparencyreport.google.com/user-data/overview?hl=en ("We carefully review each request to make sure it satisfies applicable laws. If a request asks for too much information, we try to narrow it, and in some cases we object to producing any information at all. You can see the full policy at . . . ")

10

AMENDED *EX PARTE* APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782

STREAM|KIM
ATTORNEYS AT LAW
3403 TENTH STREET,
STE 700
RIVERSIDE, CA 92501
951-783-9470

**CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record, certifies that this brief contains 2,975 words, which complies with the word limit of L.R. 11-6.1.

Dated: April 3, 2024          STREAM KIM HICKS WRAGE & ALFARO, PC.


_____
Eugene Kim
*Attorneys for Min-ji Kim, et al.*

**STREAM|KIM**
ATTORNEYS AT LAW
3403 TENTH STREET,
STE 700
RIVERSIDE, CA 92501
951-783-9470

# Exhibit A

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

### for the

### Northern District of California

| | |
|---|---|
| In re Ex Parte Application of Min-ji Kim, et al. | ) |
| *Plaintiff* | ) |
| v. | )  Civil Action No. |
| | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:

Google LLC

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment A

| Place: By email to: eugene.kim@streamkim.com; or at: Stream Kim Hicks Wrage & Alfaro, PC, c/o Eugene Kim, 3403 Tenth Street, Suite 700, Riverside, CA 92501 | Date and Time: |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

|  CLERK OF COURT |  |
|---|---|
| | OR |
| _____ | _____ |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Min-ji Kim, Phạm Ngọc Hân, Ji-hye Mo, Hae-rin Kang, and Hye-in Lee____ , who issues or requests this subpoena, are:
Eugene Kim, 2403 Tenth Street, Suite 700, Riverside, CA 92501; eugene.kim@streamkim.com; (951) 783-9470

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

# Exhibit A

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏  I served the subpoena by delivering a copy to the named person as follows: _____

_____  on *(date)* _____ ; or

❏  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $      0.00      .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

# Exhibit A

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

<u>**ATTACHMENT A**</u>

## I.     <u>Definitions</u>

A.     The term "Document" or "Documents" shall mean a writing, as defined in Rule 34(a) of the Federal Rules of Civil Procedure and related Rule 1001 of the Federal Rules of Evidence, and includes the original or a copy of drawings, graphs, charts, photographs, sound recordings, images, other data compilations and electronically stored information, and every other means of recording upon any tangible thing and form of communicating or representation, including letters, words, pictures, sounds, or symbols, or combination of them.

B.     The term "Google Account" means the Google account(s) and/or YouTube account registered or otherwise linked to the person or persons who created, uses and/or otherwise logs in to the YouTube channel with the name "7th Grade in Middle School" ("중학교 7 학년" in the original Korean language) which is accessible from the URL https://www.youtube.com/@Middle7.

C.     The term "Access Logs" means the dates, times, Internet Protocol addresses, port numbers and any other related information that is kept by Google when users login or upload videos to his/her/its Google Account (as defined above).

## II.     <u>Requests for Production</u>

1.     Any and all Documents that identify the person or persons who created the Google Account, including each and every registered, recovery and/or otherwise associated:
   a.  Name(s),
   b.  Gender,
   c.  Date of Birth,
   d.  Address(es),
   e.  Email address(es), and/or
   f.  Telephone numbers.

2.      Any and all Documents that identify the person or persons with credit cards and/or other payment methods registered with the Google Account, including:

    a.  Name(s),
    b.  Gender,
    c.  Date of Birth,
    d.  Address(es),
    e.  Email address(es), and/or
    f.  Telephone numbers.

Please note this request does not seek the actual credit card numbers, bank account numbers or passwords to such payment methods.

3.      Any and all Documents that identify the login history, including but not limited to the Access Logs associated with the Google Account from October 1, 2023 up to and including the date of your production of documents or tangible things.

Please note that Applicants' Counsel is willing to meet and confer with Google to discuss ways to narrow this request. On or about March 20, 2024, Applicants' Counsel attempted to meet and confer with Google, but did not receive a positive response.