UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE EX PARTE APPLICATION OF MIN-JI KIM ET AL, <br><br>Applicants. | Case No. 24-mc-80072-PCP <br><br>**ORDER GRANTING EX PARTE APPLICATION** <br><br>Re: Dkt. No. 7 |

## BACKGROUND

Pursuant to 28 U.S.C. § 1782, applicants Min-ji Kim, Pham Ngoc Hân, Ji-hye Mo, Hae-rin Kang, and Hye-in Lee move ex parte for an order authorizing limited discovery from Google LLC (YouTube's parent company) for use in a criminal matter in Korea. Applicants are members of a female K-POP group called NewJeans and have been attacked by an anonymous YouTuber who posted up to 33 purportedly false and defamatory videos from September 10, 2022 to March 6, 2024. The applicants' attorney, Eugene Kim, asserts that the mockery in the videos constitutes defamation and/or the crime of insult under Korean law. Dkt. No. 8.

On March 19, 2024, the applicants filed a criminal complaint against the YouTuber in Korea, alleging defamation under Article 70(2) of the Act on Promotion of Information and Communications Network Utilization and Information Protection and under Article 311 of the Korean Criminal Act. In order to proceed with the criminal matter, however, the identity of the YouTuber must be known. Applicants thus filed an ex parte application in this Court under § 1782 to seek personally identifiable information of the YouTuber. Applicants hope to serve Google with a subpoena ordering Google to provide the name, gender, date of birth, address, email address, and telephone number associated with the YouTuber's Google account as well as the access logs

(including timestamps, IP addresses, and port numbers) of the Google account from October 1, 2023 until the date of document production. Dkt. No. 7, at 15–16.

## LEGAL STANDARDS

Section 1782 permits district courts to authorize discovery where three requirements are satisfied: (1) the person from whom the discovery is sought "resides or is found" in the district of the district court where the application is made; (2) the discovery is "for use in a proceeding in a foreign or international tribunal"; and (3) the application is made by a foreign or international tribunal or "any interested person." *Khrapunov v. Prosyankin*, 931 F.3d 922, 925 (9th Cir. 2019); 28 U.S.C. § 1782(a). The Supreme Court has identified four factors to be considered by a district court when exercising discretion to authorize discovery pursuant to § 1782: (1) whether the entity from whom discovery is sought is a participant in the foreign proceeding; (2) the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance; (3) whether the request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States; and (4) whether the request is unduly intrusive or burdensome. *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264–65 (2004).

An applicant need not "show that United States law would allow discovery in domestic litigation analogous to the foreign proceeding." *Id.* at 263. "Section 1782 is a provision for assistance to tribunals abroad. It does not direct United States courts to engage in comparative analysis to determine whether analogous proceedings exist here. Comparisons of that order can be fraught with danger." *Id.* The fear of considering § 1782 applications on an ex parte basis is minimized because "parties will be given adequate notice of any discovery taken pursuant to the request and will then have the opportunity to move to quash the discovery or to participate in it." *IPCom GmbH & Co, KG v. Apple, Inc.*, 61 F. Supp. 3d 919, 922 (N.D. Cal. 2014). Granting ex parte applications under § 1782 only authorizes discovery, meaning that opposing parties can still raise objections and file a motion to quash after the application is granted. *Id.*

## ANALYSIS

Applicants have met the three requirements set out in 28 U.S.C. § 1782(a). First, Google is

1    headquartered in Mountain View, California (within Santa Clara County), and thus resides in this

2    District. Second, a criminal complaint has been filed in Korea and discovery is being sought for

3    use in that foreign tribunal. And third, the application is being made by the litigants in that foreign

4    proceeding. *See Intel*, 542 U.S. at 256 (expressing "[n]o doubt [that] litigants are included among,

5    and may be the most common example of, the 'interested person[s]' who may invoke § 1782").

6          The discretionary *Intel* factors also support granting the ex parte application. First, Google

7    is not a party in the criminal lawsuit (only the anonymous YouTuber is), so the material requested

8    in the subpoena would not otherwise be easily obtainable from Google in the Korean proceeding.

9    *See In re Ex Parte Application Varian Med. Sys. Int'l AG*, 2016 WL 1161568, at *3 (N.D. Cal.

10   Mar. 24, 2016). Second, Korean courts are generally receptive to U.S. federal court assistance, and

11   there is no evidence to the contrary showing that the Korean tribunal would reject such discovery.

12   *See, e.g.*, *In re Request for Judicial Assistance from Seoul Central District Court in Seoul,*

13   *Republic of South Korea*, 2023 WL 2394545, at *1 (N.D. Cal. Mar. 7, 2023). Third, nothing in the

14   record suggests that the applicants are attempting to circumvent foreign proof-gathering

15   restrictions through this ex parte application. *In re Google Inc.*, 2014 WL 7146994, at *3 (N.D.

16   Cal. Dec. 15, 2014); *see also In re Eurasian Natural Resources Corp.*, 2018 WL 1557167, at *3

17   (N.D. Cal. Mar. 30, 2018). Fourth, and finally, the discovery request here is narrowly tailored and

18   does not suggest that applicants are engaged in a broad fishing expedition. *In re Ex Parte App. of*

19   *Qualcomm Inc.*, 162 F. Supp. 3d 1029, 1043 (N.D. Cal. 2016). Rather, the proposed subpoena

20   seeks to identify basic identifying information of the YouTuber and access log data associated

21   with the YouTuber's Google account from October 2023 onwards. And as applicants contend, the

22   narrow time period within which they request such access log data appears reasonable because the

23   names and addresses on file with the Google account may be fictitious and insufficient alone to

24   identify the YouTuber.

**CONCLUSION**

26         For the foregoing reasons, the Court grants applicants' ex parte application and authorizes

27   limited discovery from Google pursuant to 28 U.S.C. § 1782. The Court permits applicants to

28   serve the subpoena for document production upon Google as presented in their application.

1 **IT IS SO ORDERED.**

2 Dated: April 30, 2024

_____
P. Casey Pitts
United States District Judge